ARNOLD, Circuit Judge,
concurring and dissenting.
I concur in all of the court’s opinion except Part VIII(B), which upholds Dy-Shawn Johnson’s conviction for committing murder, because I think that the evidence was insufficient for a reasonable person to conclude that Mr. Johnson was guilty of that crime. A jury may draw any inference from the evidence that is reasonable, even if an opposite or different inference is more reasonable, see United States v. Mack, 343 F.3d 929, 934 (8th Cir.2003), cert. denied, 540 U.S. 1226, 124 S.Ct. 1524, 158 L.Ed.2d 167 (2004); but unless the inference that it chooses to draw is sufficiently strong to support a guilty verdict beyond a reasonable doubt (a standard to which the court does not advert), a guilty verdict based on that inference cannot stand, see United States v. Cruz, 285 F.3d 692, 697 (8th Cir.2002). The evidence in this case that Mr. Johnson committed premeditated murder might well support an inference sufficient to carry the day under a preponderance-of-the-evidence standard, but I don’t think that the inference is strong enough to allow a finding of guilt beyond a reasonable doubt. In particular, the ease that Mr. Johnson intended to kill Mr. Rios and Ms. Raya when he and Mr. Dale went to their home, or formed that intent after he arrived there, is relatively weak and so any inference drawn from it is weak as well. In other words, even drawing every inference in favor of the government’s view of the case, see United States v. Foxx, 544 F.3d 943, 949 (8th Cir.2008), cert. denied, — U.S. -, 130 S.Ct. 91, 175 L.Ed.2d 63 (2009), a reasonable person, I believe, would have to entertain a reasonable doubt that Mr. Johnson participated in the murder.
I therefore respectfully dissent.